JOHN C. RAND *vs.* MOSES KING.

Suffolk.    March 9, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Promissory Note — Joint Obligation — Discharge in Insolvency.*

An insolvent, who has fulfilled all the requirements of the Pub. Sts. c. 157, and has received his discharge, is protected from a contingent obligation to a joint maker of a promissory note made before the insolvency, as well as from his obligation to the holder of the note.

CONTRACT, for the benefit of George C. Rand, of Lawrence, New York, to recover $3,992.86, alleged to have been paid by the plaintiff for the defendant's use.

At the trial in the Superior Court, without a jury, before *Mason*, C. J., it appeared in evidence that on December 10, 1887, the defendant, King, Thomas W. Lawson, and the plaintiff, John C. Rand, purchased of Avery L. Rand four hundred and fifty shares of the capital stock of the Rand Avery Company, of the par value of $45,000, and gave therefor $10,000 in cash and three notes of $5,000 each, one payable in six, one in nine, and one in twelve months from date, with interest payable monthly, and pledged as collateral to each of said notes one hundred shares of the stock so purchased. The first note which matured was paid at maturity, and the second by the giving of a new note, signed by the same parties, with collateral security of an additional amount of stock of the Rand Avery Company, and of a paid-up life insurance policy upon the life of John C. for $3,000, and the interest was paid upon the notes up to September, 1888. On November 2, 1888, the defendant, King, filed a voluntary petition in insolvency in the Court of Insolvency for the county of Middlesex, and on November 6, 1888, notice of the issuing of the warrant was first published. On or about November 27, 1888, Avery L., who at the time of the giving of the notes and thereafter was a citizen of Massachusetts, transferred the two notes which were unpaid, with the collateral, for the consideration of $1,500, to his brother, George C. Rand, of Lawrence, New York, and the same were at once returned to the possession of the

counsel for Avery L. for collection. Thereafter, in April and May, 1889, Avery L., acting as agent for George C., offered these two notes in proof against the estate of King in insolvency, but they were disallowed by the judge of the Court of Insolvency, "for the sole reason that at the time the proceedings in insolvency were instituted the said Moses King was not indebted to the said George C. Rand upon said claim." Then Avery L. offered to prove them against the estate of the insolvent in his own name, but as then belonging to George C., but the same were disallowed, "for the sole reason that the said Avery L. Rand had disposed of his interest in said claim to one George C. Rand after the proceeding in insolvency had been instituted, and at the time the same were offered for proof was not the owner thereof."

The third meeting in insolvency proceedings was held on May 9, 1889, and at the adjournment thereof, on May 23, 1889, the assignee presented his account, which showed $350 receipts, and $77 cash expenditure, and recited that the account could not be made a final account, because several suits were then pending against the assignee. At an adjournment of the third meeting, on June 13, 1889, a discharge in insolvency was granted to King. No further meeting was called in the insolvency proceedings, and no further account was filed by the assignee. There was no evidence that the suits against the assignee were disposed of before April, 1890, and no dividend was declared in the insolvency proceedings. Prior to April 1, 1890, Thomas W. Lawson paid one third of the amount due on these two notes, and prior to that time, by leave of the Court of Insolvency, George C. Rand sold the Rand Avery Company stock which was collateral to the two notes at auction, and received therefor the sum of $14.50.

On April 1, 1890, at the request of the counsel of George C. Rand, who then held the notes for collection, and for the purpose of paying said notes and enabling George C. Rand to enforce any right of contribution which might thereby arise against Moses King in favor of John C., said John C., who was not then expected to be in funds to pay it at maturity, gave his promissory note on thirty days for the amount of the two-thirds balance then due on the two notes, and gave as collateral secu-

rity therefor the insurance policy on his life for three thousand dollars, and assigned as additional collateral security for his thirty days' note his claim for contribution against King, and, to enable George C. to enforce said claim for contribution, assigned to him the original notes by King, Lawson, and Rand by a written instrument.

This suit was then brought by George C., in the name of John C., to enforce the alleged claim for contribution against King, claiming that the above transaction was payment of the two notes by John C., and that thereupon a claim for contribution arose against King in his favor, for one half of the face value of the note given by John C. to George C., and which had not been paid, and no effort to collect which had been made by George C.

The defendant set up, among other defences as a bar to the suit, his discharge in insolvency. The judge ruled that the discharge in insolvency was a bar, and found for the defendant; and the plaintiff alleged exceptions.

*L. D. Brandeis*, for the plaintiff.

*J. H. Benton, Jr., (F. Joy* with him,) for the defendant.

LATHROP, J. At the time of the first publication of the notice of issuing the warrant in the insolvency proceedings, the defendant was liable on his express contract to pay the promissory notes, which he had signed as joint maker with the plaintiff and one other person; but he was also liable, on an implied promise, to contribute to both or either of the other joint makers of the notes his proportion of any sum which they or either of them might pay in performance of the contract expressed in the notes. The latter promise was contingent upon such payment being made, and was clearly a contingent debt. Such a debt is, by the terms of the statute, provable against the debtor's estate in insolvency, if the contingency happens before the making of the first dividend. " If the debtor is liable for any debt in consequence of having made or indorsed a bill of exchange or promissory note before said first publication, or in consequence of the payment by any party to a bill or note of any part of the money secured thereby, or of the payment of any sum by a surety of the debtor in any contract, if the payment is made before the making of the first dividend, such debt may be proved

and allowed as if it had been due and payable by the debtor before the first publication." Pub. Sts. c. 157, § 26.

The defendant has received a discharge, under § 80 of the same chapter, by which, in accordance with the terms of § 81, he is absolutely and wholly discharged from debts proved against his estate, and from all debts provable under this chapter.

It follows that, as the plaintiff's claim was provable, the discharge was a bar, and the ruling of the court below to this effect was correct.

The fact that no dividend was ordered at the third meeting is immaterial. Although § 103 contemplates the ordering of a dividend at such a meeting, yet there are often cases, like the one before us, where this is inexpedient, because the assets are small, and suits are pending against the assignee. There is no reason why an honest insolvent, who has fulfilled all the requirements of the law, and has received his discharge, should not be protected from a contingent obligation to a joint maker of a promissory note made before the insolvency, as well as from his obligation to the holder of the note. The statute makes the "making of the first dividend," and not the third meeting, the time before which the payment of a contingent debt becomes provable ; and the debtor has a right to avail himself of the language which the Legislature has seen fit to use.

*Exceptions overruled.*